UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY PIERCE, | ) | Civ. 10-4055-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary, | ) | |
| and MARTY JACKLEY, South | ) | |
| Dakota Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

Anthony Pierce filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 19, 2009. Respondents moved to dismiss his petition, arguing it was barred by the one-year statute of limitations applicable to federal habeas corpus petitions. Pierce argued his petition was timely filed, because he placed the petition in the prison mail system on April 9, 2010. On September 29, 2010, this court ordered Pierce to file a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement by November 1, 2010. Pierce complied with the order and respondents filed a response.

> The prisoner mailbox rule for habeas corpus petitions provides:
>
> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last date for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in

compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. Governing § 2254 Cases in the U.S. Dist. Courts 3(d). Pierce bears the burden of proving his entitlement to benefit from the prison mailbox rule. *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001). "Under [Eighth Circuit] jurisprudence, a prisoner seeking to benefit from the prison mailbox rule must satisfy the requirements of Rule [3(d)],[1] whether he files a notice of appeal, a habeas petition, or a § 2255 motion." *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001).

Pierce's notarized declaration states that he "attempted to mail the papers on April 8, 2010, but there wasn't any Unit Staff members available to mail the papers. I sealed and gave the envelope to Unit Staff on April 9, 2010 and was told it would be mailed that day." Docket 15. According to Pierce, the next communication he received was a letter from the clerk of the court, dated May 19, 2010, advising him that his petition had been filed. *Id.* Pierce's petition is dated April 9, 2010. Docket 1. It was postmarked on May 18, 2010. Docket 1-1. The court filed it on May 19, 2010. The statute of limitations on Pierce's § 2254 petition lapsed on May 11, 2010.

---

[1] The quote directly references the former Rule 4(c) of the Federal Rules of Appellate Procedure, now Rule 25(a)(2)(C). The comments to Rule 3(d) of the Rules Governing Section 2254 Cases indicate that it was based upon the appellate rule.

2

Respondents question Pierce's timeline. Docket 16. They assert that Pierce's statement that the declaration is "to the best of [his] memory, which has been adversely affected by the disease of Multiple Sclerosis," demonstrates that his timeliness claim is suspect. *Id.* They note "the timeline is further questioned by his claimed attempt to mail on April 8, 2010" his petition, which is dated April 9, 2010. *Id.* They assert that Pierce's statement lacks the necessary declaration regarding postage. *Id.* In support of their arguments, respondents have submitted the affidavit of Joshua Klimek. Docket 16-1. Legal mail is inspected before it is mailed. *Id.*¶ 4. Klimek asserts he "cannot think of a single instance where an inmate's legal mail, or any mail for that matter, was not delivered to the mailroom the same day it was collected by the Unit staff." *Id.* ¶ 5.

The case of *Grady v. United States*, 269 F.3d 913 (8th Cir. 2001), is analogous. There, an inmate's § 2255 motion exceeded the one-year statute of limitation by 19 days. *Id.* at 915. The motion was dated prior to the lapse of the statute of limitations, but the clerk of the court did not receive the motion until 19 days after the one-year statute of limitation lapsed. *Id.* The government moved to dismiss, arguing the motion was untimely. *Id.* The prisoner filed a sworn affidavit, asserting he had deposited his motion into the special mail system at the prison prior to the deadline lapse. *Id.* Prison officials filed their own affidavits, asserting it was impossible for a piece of

3

prisoner mail to languish for 17 days in the prison mail room. *Id.* Officials asserted that Bureau of Prisons guidelines required them to forward all prison mail to the Postal Service within 24 hours and that all mail deposited in the special mail system would be stamped and the inmate's motion was not stamped. *Id.* The district court accepted the competing affidavits and converted the government's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment. Fed. R. Civ. P. 56(c). *Id.* The district court held that the prisoner affidavit was sufficiently credible to create a material issue of fact, preventing the entry of summary judgment. *Id.* at 916. The district court, did not, however, hold an evidentiary hearing to resolve the factual conflict, but rather continued on to the merits of the prisoner's motion. *Id.* The Eighth Circuit affirmed the court's conversion of the motion to dismiss into a motion for summary judgment, but reversed and remanded for an evidentiary hearing. *Id.* at 919. "After denying the government's summary judgment motion, the district court should have resolved the factual dispute by conducting an evidentiary hearing, receiving evidence (including testimony), and issuing findings." *Id.*

*Grady* controls this case. Accordingly, after considering the competing affidavits, this court finds that the government's motion to dismiss should be converted into a motion for summary judgment. Fed. R. Civ. P. 12(c) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are

4

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The two affidavits create a genuine issue of material fact as to whether Pierce's petition was timely filed. Consequently, an evidentiary hearing is warranted on this issue. Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, Pierce is entitled to the appointment of counsel to represent him at the hearing. Therefore, it is

ORDERED that an evidentiary hearing is granted on the issue of whether Pierce's petition is timely filed.

IT IS FURTHER ORDERED that pursuant to Rule 8 of the Rules Governing Section 2254 cases, Melissa Jelen of Cadwell, Sanford, Deibert & Garry is appointed to represent Pierce.

Dated November 23, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE