UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY PIERCE, | ) | Civ. 10-4055-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | RESPONDENTS' MOTION FOR |
| DOOLEY; | ) | SUMMARY JUDGMENT |
| DOUGLAS WEBER, Warden of the | ) | |
| South Dakota State Penitentiary; | ) | |
| and MARTY JACKLEY, South | ) | |
| Dakota Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Anthony Pierce, filed his petition for a writ of habeas

corpus under 28 U.S.C. § 2254 on May 19, 2010. Respondents moved to

dismiss his petition, asserting that it was untimely. Pierce argued that his

petition was timely filed because he placed the petition in the prison mail

system on April 9, 2010. Pierce filed a notarized statement in compliance

with the prisoner mailbox rule set forth in the Rules Governing Section 2254

Cases in United States District Courts. This court subsequently converted

respondents' motion to dismiss into a motion for summary judgment and

appointed counsel to represent Pierce.

On February 24, 2011, this court held an evidentiary hearing to

determine whether Pierce was entitled to the benefit of the prisoner mailbox

rule. The court now finds that Pierce has not met his burden of proving that

he deposited his petition into the prison mail system on or before May 11,

2010. Therefore, respondents are entitled to summary judgment in their favor.

## FACTUAL BACKGROUND

At the time relevant to this order, Pierce was incarcerated at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Pierce testified that he was released on parole in September of 2010.

Pierce testified that he attempted to place his § 2254 petition in the prison mail system on April 8, 2010, but no unit staff were available to help him. Pierce testified that on April 9, 2010, he met with Velma Sudbeck, a case manager at MDSP. Pierce asserted that he signed and dated his petition in front of her and sealed it to be mailed. The dates on the petition are April 9, 2010, and April 10, 2010. Pierce asserted that he wrote April 10, 2010, in the line declaring that his petition was placed in the prison mail system on that date because it was his understanding that it would be mailed the next day. During his testimony, Pierce conceded that his memory has been adversely affected by multiple sclerosis. Pierce testified, however, that he remembers the dates relevant to his habeas corpus petition because it was the "most important thing in my life." Pierce also submitted as evidence the contemporaneous notes he kept in prison about his habeas petition, which detailed the relevant dates. Although dated April 9, 2010, and April 10, 2010, Pierce's petition was postmarked on May 18, 2010. The envelope was not stamped by a unit coordinator on the front of it.

2

Respondents played portions of phone calls Pierce made to his parents from MDSP on April 8, 2010, and April 9, 2010. In the April 8 call, Pierce states he is "going to file habeas." In the April 9 phone call, Pierce asked his father to do some legal research for him so he could send his "paperwork" off. During the conversation, his father stated that he was considering consulting with an attorney in a few weeks and he would not know how to start the legal research. Pierce also stated that he was "curious to hear what the federal court says."

Pierce testified that he meant case law, not the petition, when he referred to his paperwork in the phone calls. He also stated that he communicated with his parents through letters as well as phone calls. Pierce's father, Harold Pierce, testified that he communicated with his son solely through phone calls.

Josh Klimek, a unit coordinator at MDSP, Nicole St. Pierre, who works in the mail room at MDSP, and Velma Sudbeck, a case manager at MDSP testified for respondents. Josh Klimek testified that he was on duty at MDSP on April 8 and 9, 2010. According to Klimek, outgoing mail is inspected by unit staff to ensure that it does not contain contraband and that it is actually legal mail. After Klimek inspects inmate mail, the inmate seals it. Klimek takes inmate mail to the mailroom when he leaves for the day, usually around 5 p.m. Klimek also testified that he generally stamps inmate mail on the back of the envelope. He does not recall inspecting Pierce's mail

3

or stamping it as legal mail. Klimek testified that he is familiar with Pierce's character and considers him to be untruthful.

Nicole St. Pierre testified that she was on duty at MDSP on April 9, 2010, and April 10, 2010. St. Pierre testified that mail sent out from MDSP is sorted around 8 a.m. and is picked up from the MDSP mailroom around 10:15 a.m. Mail that does not arrive in the mailroom prior to that time is sent out the next day. She conceded that there is a small chance that mail could be delayed in leaving MDSP.

Velma Sudbeck testified that she was on duty on April 8, 2010, and April 9, 2010. She does not recall meeting with Pierce on April 9, 2010, or stamping his mail. She testified that she generally stamps inmate legal mail on the front of the envelope. Sudbeck did meet with Pierce on April 12, 2010, regarding a write-up Pierce received on April 9, 2010, for having his television on after hours. Sudbeck also testified that she is familiar with Pierce's character and considers him to be untruthful.

## DISCUSSION

### I.     The One-Year Statute of Limitations Applies.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), state prisoners have one year to file their federal petitions for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations is triggered by "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." *Id.* § 2244(d)(1)(A). If a prisoner files a petition for certiorari, then his conviction becomes final upon "the completion or denial of certiorari proceedings before the United States Supreme Court." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). If the prisoner does not petition the United States  Supreme Court, then his conviction becomes final when the time for filing that petition expires. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008).

The statute of limitations is tolled during the time that an application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). The time between the date direct review concludes and the date that an application for post-conviction relief is filed in state court counts against the one-year period. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Section 2244(d)(2) does not toll the statute of limitations for the 90 days in which certiorari could have been sought following the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327 (2007). The time between when a state post-conviction challenge is final and the date the federal habeas petition is filed counts against the statute of limitations. *Snow v. Ault*, 238 F.3d 1033, 1034 (8th Cir. 2001).

Pierce's initial Judgment of Conviction was entered by Circuit Court Judge Jerome Eckrich on April 3, 2009, and filed the same day. Docket 11-1.  "An appeal from the judgment must be taken within 30 days after the judgment is signed, attested, and filed" pursuant to SDCL 23A-32-15. Pierce

filed a Notice of Appeal with the Fourth Circuit Clerk of Court on May 5, 2009. Docket 11-2. The South Dakota Supreme Court dismissed the appeal as untimely on May 11, 2009. Docket 11-3. Normally, even when there is no certiorari proceeding, a § 2254 petitioner's statute of limitations begins to run 90 days after his conviction is affirmed.

But Pierce's appeal was dismissed on procedural grounds; the South Dakota Supreme Court did not enter a judgment or review of his case. United States Supreme Court Rule 13 states that the time period for seeking a writ of certiorari is 90 days from the *decision or judgment* of a state court of last resort. Because the South Dakota Supreme Court never rendered a judgment or decision on Pierce's case, he is not entitled to the 90-day tolling period to petition for writ of certiorari. *See Riddle*, 523 F.3d at 855 (holding that the 90-day period for filing for certiorari does not extend AEDPA's statute of limitations where the Supreme Court could not review petitioner's direct appeal because he did not seek review by the state's supreme court, but sought review in an intermediate appellate state court). *See also United States v. Cottage*, 307 F.3d 494 (6th Cir. 2002) (holding that the 90-day period for filing a writ of certiorari does not extend the one-year statute of limitations for federal habeas relief when the petitioner did not pursue a direct appeal). Thus, the statute of limitations began to run on May 11, 2009, and lapsed on May 11, 2010. Pierce's petition was postmarked May 18, 2010, and filed on May 19, 2010. But Pierce claims he handed his

petition to his case manager, Velma Sudbeck, to put in the prison mail system on April 9, 2010.

**II.     Pierce Has Not Demonstrated He is Entitled to the Benefit of the Prisoner Mailbox Rule.**

The prisoner mailbox rule for habeas corpus petitions provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last date for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

R. Governing § 2254 Cases in the U.S. Dist. Courts 3(d). Pierce bears the burden of showing he is entitled to the benefit of the rule. *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001). Thus, Pierce is required to demonstrate that he deposited his petition in the Mike Durfee State Prison legal mail system on or before May 11, 2010.

At the hearing, respondents cited *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001), for the position that the requirements of the prisoner mailbox rule are "mandatory and jurisdictional." But the *Porchia* court was addressing the prisoner mailbox rule contained in Rule 4(c) of the Federal Rules of Appellate Procedure, which relates to the filing of a notice of appeal. The timely filing of a notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 211-212 (2007). But the one-year statute of limitations applicable to federal

7

petitions for habeas corpus is not jurisdictional; it is an affirmative defense. *See Day v. McDonough*, 547 U.S. 198, 205-09 (2006). Thus, the requirements of Rule 3(d) of the Rules Governing § 2254 Cases in United States District Courts are not mandatory and jurisdictional.

The burden is on Pierce to show that he is entitled to the benefit of the prisoner mailbox rule. *Grady*, 269 F.3d at 916. Pierce testified that he remembered the events surrounding the filing of his habeas corpus petition because it was "the most important thing in my life." He asserted that he attempted to mail his petition on April 8, 2010, but no prison staff were available to help him. That same day, he spoke to his parents on the phone, but he made no mention of his attempt to file his petition. Pierce testified that he handed his petition to Sudbeck on April 9, 2010. But during the April 9 phone call, Pierce asked his father to do some legal research for him so he could send his "paperwork" off. Pierce did not mention that he had mailed his petition that day or that he intended to do so. During the hearing, Pierce attempted to clarify this conversation, saying that his reference to "paperwork" meant case law. Given the content of the phone calls, Pierce's testimony is not credible.

This would be a closer case if Pierce's petition was untimely by one or two days. But in order to believe Pierce's version of events, namely, that he gave his petition to MDSP staff to be mailed on April 9, 2010, one must believe that his petition lingered in the prison for over four weeks. Pierce's

8

petition was postmarked May 18, 2010. Given the testimony of Klimek, Sudbeck, and St. Pierre, this version of events is not believable. Pierce has not met his burden to show that he deposited the letter into the prison's internal mailing system on or before May 11, 2010, and therefore, he is not entitled to benefit from the prisoner mailbox rule. Thus, Pierce's petition is untimely and the entry of summary judgment in respondents' favor is appropriate.

### III.   Even If Pierce's Petition Were Timely, His Claims Are Procedurally Defaulted.

Even if Pierce had met his burden of proof on the prisoner mailbox rule, the grounds for relief set forth in his petition would be procedurally defaulted. Respondents did not argue that Pierce's claims were procedurally defaulted; rather they relied on the statute of limitations defense. But "a federal court, in the exercise of its judicial discretion, may address procedural default despite the failure of the state to preserve or present the issue properly." *King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001) (internal citations omitted).

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting the issues in a federal habeas petition.

9

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also Weaver v. Bowersox*, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). A failure to exhaust remedies properly in accordance with state procedure results in a procedural default of the prisoner's claims. *O'Sullivan*, 526 U.S. at 848.

Pierce failed to file a direct appeal or a petition for writ of habeas corpus in state court.[1] Thus, his claims are procedurally defaulted. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Pierce has not alleged cause and prejudice or that he is actually innocent. Thus, even if his petition were timely, his claims would be barred by procedural default.

## CONCLUSION

Pierce has failed to demonstrate that he placed his petition in the prison legal mail system on or before May 11, 2010. Therefore, his petition

---

[1] Pierce may still petition for a writ of habeas corpus in state court. *See* SDCL 21-27-1, 21-27-3.1. He is required to exhaust his claims in state court before he can receive federal relief. *Laws v. Armontrout*, 834 F.2d 1401, 1412-15 (8th Cir. 1987).

is dismissed as untimely and respondents' motion for summary judgment is granted. Moreover, even if Pierce's petition were timely, respondents would be entitled to summary judgment because his claims are procedurally defaulted. Accordingly, it is

ORDERED that respondents' motion to dismiss (Docket 10), now considered as a motion for summary judgment, is granted and Pierce's petition is denied. Pierce is notified that he may <u>not</u> appeal the denial of his petition to the Eighth Circuit Court of Appeals <u>unless</u> he receives a certificate of appealability from this court. *See* 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that if Pierce wishes to seek a certificate of appealability, he must make a "substantial showing of the denial of a constitutional right" and identify the issues he wishes to appeal. *See* 28 U.S.C. § 2253(c)(2). If Pierce wishes to seek a certificate of appealability, Pierce must file a motion for a certificate of appealability with this court within 30 days.

Dated March 8, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE